# APPENDIX A

| | | |
|---|---|---|
| EX PARTE | § | 148TH DISTRICT COURT |
| | § | |
| RICHARD VASQUEZ | § | NUECES COUNTY, TEXAS |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

**I. Habeas Corpus Grounds One, Two & Three.**

#### Background

1. The Court finds that the two senior attorneys representing Vasquez at trial, John Gilmore and Joseph Collina, each had extensive experience in trying criminal cases and had tried capital murder cases before, and that attorney Robert Bujanes had no prior capital murder trial experience, played a limited role, did not make trial strategy decisions, and was primarily involved with the case in order to learn from the other two attorneys. (Habeas R.R. vol. 2, pp. 211-15, vol. 3, pp. 6-13, 60-63, vol. 7, pp. 7-8, 14, 28 & 37).

$\underline{X}$ ADOPTED.  \_\_\_ REFUSED.

2. The Court finds that trial attorney Joseph Collina was assigned responsibility for the hiring and examination of witnesses concerning the technical aspects of the case. (Habeas R.R. vol. 2, pp. 215-16, vol. 3, pp. 14-15).

<u>X</u> ADOPTED. ___ REFUSED.

### Social History

3. The Court finds that, Vasquez's trial attorneys reasonably determined that pursuing further evidence of Vasquez's social history was unnecessary to make an informed choice among possible defenses, and their failure to investigate further the negative influence that Vasquez's biological parents played in his early years resulted from a reasoned strategic judgment and not from inattention.

<u>X</u> ADOPTED. ___ REFUSED.

4. The court finds that all of Vasquez's trial attorneys were aware of his biological parents and his family history involving drug abuse and violence, but that they made a reasonable strategic decision to portray Vasquez as coming from a good home, as far as his adoptive parents, and that it would have been inconsistent with that strategy to present evidence concerning Vasquez's exposure to drugs and violence at an early age. (Habeas R.R. vol. 2, pp. 237-41; vol. 7, pp. 22 & 39).

$\underline{X}$ ADOPTED. ___ REFUSED.

5. The Court finds that Vasquez's trial attorney Joseph Collina gathered sufficient information about Vasquez's social background through meetings with Vasquez and his adoptive parents, that his decision not to interview the biological parents because they could not provide additional information and would not have been good witnesses was reasonable under the circumstances, and that his decision not to hire an independent mitigation expert was reasonable because he already had sufficient mitigation evidence. (Habeas R.R. vol. 3, pp. 22, 37-38, 54-55 & 66).

$\underline{X}$ ADOPTED. ___ REFUSED.

3

6. The Court finds that Vasquez's trial attorney Joseph Collina was aware that Vasquez's biological parents had an influence on him at a very young age, but made a reasonable strategic decision to portray Vasquez as coming from a good home without adverse influences and to bring out all that his adoptive parents had done for him, and not to say much about the biological parents at trial for fear of "throw[ing] mud" at the good impression Vasquez's adoptive family made. (Habeas R.R. vol. 3, pp. 77-80).

<u>X</u> ADOPTED. ___ REFUSED.

### Cognitive and Learning Disabilities

7. The Court finds that Vasquez's trial attorneys reasonably hired and relied upon the advice of psychiatrist Dr. Carlos Estrada, as their expert to examine Vasquez's mental status, explore mitigating circumstances, and determine what psychological testing needed to be done. (Habeas R.R. vol. 2, pp. 221, 246, vol. 3, pp. 32-33, vol. 7, pp. 57-58).

<u>X</u> ADOPTED. ___ REFUSED.

4

8. The Court finds that Vasquez's trial attorneys reasonably attempted to show, by Dr. Estrada's testimony at the punishment phase of trial, that Vasquez would not be a continuing danger to society if he got off drugs. (Habeas R.R. vol. 3, pp. 69-70)

$\underline{X}$ ADOPTED. _____ REFUSED.

9. The Court finds that Vasquez's trial attorneys complied with Dr. Estrada's suggestion that Dr. Bonikowski perform a neurological study on Vasquez's brain to determine if it had been damaged by a prior automobile accident, but that Dr. Bonikowski's further recommendation for a QEEG and neuropsychological testing was for treatment of Vasquez's headaches and was irrelevant to possible mitigation defenses or to explain his violent behavior, such that it was reasonable for Vasquez's trial attorneys not to seek further testing. (Habeas R.R. vol. 3, pp. 34, 4-44, 83, vol. 7, pp. 59 & 92-93)

$\underline{X}$ ADOPTED. _____ REFUSED.

10. The Court finds that Vasquez's trial attorneys reasonably relied upon Dr. Estrada's conclusions that he had sufficient background and medical information to perform a proper forensic examination of Vasquez, that Vasquez's additions to heroin and cocaine and his heavy intoxication shortly before the murder explained his behavior at the time, and that any neurological impairment would have been masked by that heavy state of intoxication and made irrelevant. (Habeas R.R. vol. 7, pp. 58, 60 & 91-92).

$\times$ ADOPTED. ___ REFUSED.

11. The Court finds that known evidence concerning Vasquez's mental status, as gathered and reported by Dr. Estrada, would not have led a reasonable attorney to investigate further, and that Vasquez's trial attorneys reasonably determined that pursuing further evidence of brain dysfunction was unnecessary to make an informed choice among possible defenses.

$\times$ ADOPTED. ___ REFUSED.

12. The Court finds unpersuasive Dr. Ricardo Weinstein's conclusion that additional neuropsychological tests should have been done on Vasquez, considering Dr. Estrada's testimony, the acknowledged lack of a general consensus regarding the usefulness of a QEEG to measure brain dysfunction, and Dr. Weinstein's own admissions that Vasquez's anti-social behavior was very closely related to his drug addiction and that Vasquez's craving for drugs was a major component that caused him to lose control at the time of the murder. (Habeas R.R. vol. 4, pp. 120-22, 125-27, 147 & 167).

<u>X</u> ADOPTED. ___ REFUSED.

13. The Court finds that Vasquez's trial attorneys exercised reasonable trial strategy in declining to portray him as learning disabled, for fear that this might lead the jury to believe that he could not control himself and would be a future danger. (Habeas R.R. vol. 3, p. 81).

<u>X</u> ADOPTED. ___ REFUSED.

14. The Court finds that Vasquez chose to testify at trial and was coherent and able to understand and intelligently answer the questions posed to him on direct and cross-examination, such that presenting other evidence of brain dysfunction would have been ineffective and appeared disingenuous. (Trial R.R. vol. 37, pp. 66-147).

<u>X</u> ADOPTED. ___ REFUSED.

## Straddle Injury Evidence

15. The Court finds that Vasquez's trial attorneys reasonably relied upon the testimony of the Nueces County Medical Examiner, Dr. Lloyd White, that the victim's injuries were as consistent with a straddle injury as with sexual penetration, and that they made a reasonable decision not to bolster that opinion by calling a second medical expert who would, at most, have testified to the same opinion as Dr. White. (Habeas R.R. vol. 3, pp. 16-18, 30-32 & 72-73).

$\underline{X}$ ADOPTED. ___ REFUSED.

16. The Court finds that Vasquez failed to offer any evidence to show that Dr. Randall Frost's testimony would have aided the defense in any way in its attempt to show that the victim's injuries were consistent with a straddle injury.

$\underline{X}$ ADOPTED. ___ REFUSED.

17. The Court finds that Vasquez failed to offer any evidence from family members to show that they could have testified to anything other than speculative suggestions that the victim suffered a straddle injury rather than sexual assault, or that any of Vasquez's family members observed such an injury or heard the victim cry or complain of such an injury.

$\underline{X}$ ADOPTED. ___ REFUSED.

## DNA Evidence

18. The Court finds that Vasquez admitted in his testimony at trial that he repeatedly hit the victim, that the medical evidence at trial showed the extent of the victim's injuries and resulting death, and that the DNA evidence presented by the State merely showed the presence of blood which matched both the victim and Vasquez on various items of evidence recovered from the crime scene.

$\underline{X}$ ADOPTED. ___ REFUSED.

19. The Court finds that Vasquez's trial attorneys reasonably decided not to challenge the State's DNA evidence or hire an independent DNA expert because the DNA evidence offered by the State was generally neutral and did not tend to prove anything more than Vasquez's own admission that he had beaten the victim to death and that both he and the victim were bleeding at the time, and because the DNA evidence may even have helped the defense by showing that none of Vasquez's semen was found in the victim or on her clothes. (Habeas R.R. vol. 2, p. 247, vol. 3, pp. 48-50 & 85-87).

$\underline{X}$ ADOPTED. ___ REFUSED.

9

### Representation as a Whole

20. The Court finds that, Vasquez's trial attorneys performed reasonably under the prevailing professional norms and from their perspective at the time, and that they made efforts to discover all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that might have been introduced by the prosecutor.

$\underline{X}$ ADOPTED. ___ REFUSED.

21. The Court finds that Vasquez's trial attorneys forcefully and effectively represented their client at trial, cross-examining the State's witnesses, calling appropriate witnesses for the defense, and arguing for the jury to spare Vasquez's life, based on the sound trial strategy of emphasizing his having come from a good home but fallen prey to drugs and a tragic accident during his teen years.

$\underline{X}$ ADOPTED. ___ REFUSED.

10

22. The Court finds that Vasquez's trial attorneys exercised a reasonable trial strategy at the guilt-innocence phase of trial by attempting to show that Vasquez did not intend to kill the victim; and a reasonable trial strategy at the punishment phase of trial by continuing to rely on residual doubt concerning Vasquez's intent to kill, by emphasizing Vasquez's own victimization by drug dealers, and by attempting to show his potential for rehabilitation and that he would not be dangerous if he got off drugs. (Habeas R.R. vol. 3, pp. 68-71).

$\underline{X}$ ADOPTED. ___ REFUSED.

### Prejudicial Error

23. The Court finds that, weighing the evidence in aggravation against the totality of available mitigating evidence, any errors or omissions committed by Vasquez's attorneys at trial did not create a reasonable probability that, but for the errors, the result of the proceeding would have been different.

$\underline{X}$ ADOPTED. ___ REFUSED.

24. The Court finds that, had the jury been confronted with the mitigating evidence put forward by Vasquez in connection with the present writ proceeding, there is no reasonable probability that it would have resulted in a different sentence.

$\underline{X}$ ADOPTED. ___ REFUSED.

**II. Habeas Corpus Ground Four.**

### Competence to Stand Trial

25. The Court finds that there is nothing in the record of trial to suggest that Vasquez was incompetent to stand trial, that Vasquez has provided no evidence at the writ hearing to show that language difficulties and low academic performance rendered him incompetent to stand trial, and that Vasquez has provided only unsubstantiated speculation that he did not understand the plea offer made by the State.

$\underline{X}$ ADOPTED. ___ REFUSED.

26. The Court finds credible testimony by attorneys John Gilmore and Joseph Collina that Vasquez understood the nature of the plea agreement, and specifically that a guilty plea would have nothing to do with the uncharged sexual assault allegations, but that he refused to plead guilty because he insisted that he had not intentionally killed the victim. (Habeas R.R. vol. 2, pp. 229-30, 242-44, vol. 3, pp. 59-68, 76-77).

<u>X</u> ADOPTED. ___ REFUSED.

### Effective Assistance of Trial Counsel

27. The Court finds that Vasquez's trial attorneys reasonably explained the State's plea offer to him, assured him that a guilty plea would have nothing to do with the uncharged sexual assault allegations, and reasonably believed that he understood this. (Habeas R.R. vol. 3, pp. 59, 76-77).

<u>X</u> ADOPTED. ___ REFUSED.

### III. Habeas Corpus Grounds Five & Six.

#### Effective Assistance of Appellate Counsel

28. The Court finds that the fact that the attorney appointed to represent Vasquez on the collateral appeal was acting as counsel for the State of Texas in other matters at the same time did not create a conflict of interest rendering him ineffective, and that Vasquez has entirely failed to show how his appellate attorney's appointment as special prosecutor on unrelated writs and appeals in any way created an actual conflict of interest with his representation of Vasquez on his appeal.

<u>X</u> ADOPTED. ___ REFUSED.

### IV. Habeas Corpus Ground Seven.

#### Waiver

29. The Court finds that Vasquez has waived his challenge to the voluntariness of his statement to the police by failing to present any argument under this issue.

<u>X</u> ADOPTED. ___ REFUSED.

14

### Statement was Not Involuntary

30. The Court finds that nothing in Vasquez's testimony at trial showed that his statement to the police was involuntary or coerced, that Vasquez testified at trial that he signed his name to the end of his statement and initialed each of the warnings, that the police read the warnings to him, and that he told them the statement was all right. (Trial R.R. vol. 37, pp. 141-46)

$\underline{X}$ ADOPTED. ___ REFUSED.

## V. Habeas Corpus Ground Eight.

### Complaint Not Reviewable by Writ of Habeas Corpus

31. The Court finds that Vasquez could have, but failed to raise on appeal any complaint that his constitutional rights were violated by his being shackled at trial.

$\underline{X}$ ADOPTED. ___ REFUSED.

**Vasquez was Not Tried in Shackles**

32. The Court finds that Vasquez failed to show that he was shackled throughout his trial and his restraints were exposed to the jury, that the State has proven through an affidavit from the prosecutor that Vasquez's shackles were carefully hidden from the view of the jury during the entire trial, and from a juror affidavit that a pre-trial encounter with Vasquez in handcuffs had no effect on the jury's deliberations.

<u>X</u> ADOPTED.    ___ REFUSED.

## VI. Habeas Corpus Ground Nine.

### No Constitutional Requirement for Life Without Parole Option

33. The Court finds that Vasquez was sentenced to death under the Texas Death Penalty Statute, which fails to give the jury an option of life without parole.

<u>X</u> ADOPTED.    ___ REFUSED.

## VII. Habeas Corpus Ground Ten.

### Complaint Not Reviewable by Writ of Habeas Corpus

34. The Court finds that, by his first and second issues presented in his direct appeal, Vasquez raised constitutional challenges under the Eighth and Fourteenth Amendments to the trial court's failure to charge the jury on the application of parole law to a life sentence.

$\underline{X}$ ADOPTED. \_\_\_ REFUSED.

### No Constitutional Requirement for Instruction on Eligibility for Parole

35. The Court finds that, under the law applicable to the present offense committed in 1998, the jury in the present case was not instructed on the law regarding eligibility for parole.

$\underline{X}$ ADOPTED. \_\_\_ REFUSED.

## VIII. Habeas Corpus Ground Eleven.

### Complaint Not Reviewable by Writ of Habeas Corpus

36. The Court finds that, by his third issue presented in his direct appeal, Vasquez challenged the sufficiency of the evidence to support the jury's finding of future dangerousness.

$\underline{X}$ ADOPTED. \_\_\_ REFUSED.

### Sufficient Evidence of Future Dangerousness

37. The Court finds that evidence of future dangerousness in the present case included the circumstances of the present offense and Vasquez's apparent state of mind when he vented his frustrations on a four-year-old girl who was less than 3½ feet tall, and, within a two hour period, gave the victim a potentially lethal dose of cocaine, severely sexually assaulted her, and beat her to the point that she quit breathing.

$\underline{X}$ ADOPTED. ___ REFUSED.

### Death Sentence Not Arbitrary and Capricious Punishment

38. The Court finds that Vasquez has failed to argue or cite authority as to specifically how his death sentence amounts to arbitrary and capricious punishment under the Eighth Amendment

$\underline{X}$ ADOPTED. ___ REFUSED.

## IX. Habeas Corpus Ground Twelve.

### Complaint Not Reviewable by Writ of Habeas Corpus

39. The Court finds that Vasquez could have, but failed to raise on appeal any complaint that his constitutional rights were violated by the trial court's granting a challenge for cause as to a prospective juror who was opposed to the death penalty.

$\underline{X}$ ADOPTED. ___ REFUSED.

18

### Juror Properly Struck for Cause

40. The Court finds that Prospective Juror Brenda Lepp testified on voir dire that she did not believe in the death penalty, could not impose the death penalty under any circumstances, and would vote in such a way as to impose life in prison over death in every circumstance. (Trial R.R. vol. 13, pp. 42-45).

$\underline{X}$ ADOPTED. ___ REFUSED.

## X. Habeas Corpus Ground Thirteen.

### Complaint Not Reviewable by Writ of Habeas Corpus

41. The Court finds that Vasquez could have, but failed to raise on appeal any complaint about the trial court's removal of a qualified juror from the panel for personal reasons.

$\underline{X}$ ADOPTED. ___ REFUSED.

### Juror Properly Excused for Substantial Hardship

42. The Court finds that Prospective Juror Johnnie Mae Wesson stated that she had travel plans close to the time of trial and cancellation would cause her to lose money on a non-refundable airline ticket, as well as disrupt the travel plans for other members of her family and their attempt to plan a family vacation. (Trial R.R. vol. 17, pp. 20-26, 190-93).

$\underline{X}$ ADOPTED. ___ REFUSED.

## CONCLUSIONS OF LAW

### I. Habeas Corpus Grounds One, Two & Three.

#### Social History

1. Vasquez's trial attorneys adequately investigated mitigating evidence concerning his social history, but exercised sound trial strategy in declining to present such evidence at trial, since it could have prejudiced his case on punishment issues.

\_\_\_ ADOPTED.    \_\_\_ REFUSED.

#### Cognitive and Learning Disabilities

2. Vasquez's trial attorneys adequately investigated mitigating evidence concerning his cognitive and learning disabilities, but exercised sound trial strategy in declining to present such evidence at trial, since it could have prejudiced his case on punishment issues.

\_\_\_ ADOPTED.    \_\_\_ REFUSED.

#### Straddle Injury Evidence

3. Vasquez's trial attorneys adequately investigated the State's evidence suggesting that he sexually assaulted the victim.

\_\_\_ ADOPTED.    \_\_\_ REFUSED.

20

### DNA Evidence

4. Vasquez's trial attorneys exercised sound trial strategy in failing to challenge the DNA evidence presented at trial.

$\times$ ADOPTED. ___ REFUSED.

### Representation as a Whole

5. Vasquez received effective assistance of counsel at trial.

X ADOPTED. ___ REFUSED.

6. Any errors or omissions committed by Vasquez's attorneys at trial did not create a reasonable probability that, but for the errors, the result of the proceeding would have been different.

X ADOPTED. ___ REFUSED.

## II. Habeas Corpus Ground Four.

### Multifarious Briefing

7. Vasquez has used a single issue to raise multiple arguments which amounts to inadequate "multifarious" briefing, presents nothing for review, and should be disregarded as procedurally barred.

X ADOPTED. ___ REFUSED.

### Competence to Stand Trial

8. Vasquez was not incompetent to stand trial.

X ADOPTED. ___ REFUSED.

## Effective Assistance of Trial Counsel

9. Vasquez received effective assistance of counsel with regard to explanation of the State's plea offer.

X ADOPTED. ___ REFUSED.

10. No error by Vasquez's trial attorneys in explaining the State's plea offer prejudiced Vasquez.

X ADOPTED. ___ REFUSED.

**III. Habeas Corpus Grounds Five & Six.**

## Effective Assistance of Appellate Counsel

11. Vasquez received effective assistance of appellate counsel.

X ADOPTED. ___ REFUSED.

**IV. Habeas Corpus Ground Seven.**

## Waiver

12. Vasquez is procedurally barred from raising his complaint to the voluntariness of his statement because he failed to present argument.

X ADOPTED. ___ REFUSED.

## Statement was Not Involuntary

13. Nothing in the record shows that Vasquez's statement was involuntary.

X ADOPTED. ___ REFUSED.

**V. Habeas Corpus Ground Eight.**

### Complaint Not Reviewable by Writ of Habeas Corpus

14. Because Vasquez could have, but failed to raise on appeal any complaint that his constitutional rights were violated by his being shackled at trial, he may not raise this complaint by the present petition for writ of habeas corpus.

__X__ ADOPTED. ___ REFUSED.

### Vasquez was Not Tried in Shackles

15. One Juror's momentary, inadvertent, and fortuitous pre-trial encounter with Vasquez in handcuffs was not erroneous, nor would it, if error, have contributed to his conviction or punishment.

__X__ ADOPTED. ___ REFUSED.

**VI. Habeas Corpus Ground Nine.**

### No Constitutional Requirement for Life Without Parole Option

16. Vasquez's death sentence does not amount to cruel and unusual punishment under the Eighth and Fourteenth Amendments merely because the Texas Death Penalty Statute fails to give the jury an option of life without parole.

__X__ ADOPTED. ___ REFUSED.

23

### VII. Habeas Corpus Ground Ten.

### Complaint Not Reviewable by Writ of Habeas Corpus

17. Vasquez may not raise by petition for writ of habeas corpus the same constitutional challenges to the trial court's failure to charge the jury on the application of parole law to a life sentence that could have been, and were, raised in his direct appeal; those complaints have been raised and rejected.

$\underline{X}$ ADOPTED. \_\_\_ REFUSED.

### No Constitutional Requirement for Instruction on Eligibility for Parole

18. Nothing in the Eighth or Fourteenth Amendments requires the trial court to instruct the jury on parole law under the Texas capital sentencing scheme. Therefore, Texas' prohibition against informing the jury about when Vasquez would have been eligible for parole under a life sentence did not violate the due process, cruel and unusual punishment, or equal protection clauses of the Eighth and Fourteenth Amendments.

$\underline{X}$ ADOPTED. \_\_\_ REFUSED.

## VIII. Habeas Corpus Ground Eleven.

### Complaint Not Reviewable by Writ of Habeas Corpus

19. Vasquez may not raise by petition for writ of habeas corpus the same challenge to the sufficiency of the evidence to support the jury's finding of future dangerousness that could have been, and was, raised in his direct appeal; that complaint has been raised and rejected.

<u>✕</u> ADOPTED.   ___ REFUSED.

### Sufficient Evidence of Future Dangerousness

20. Vasquez's challenge to the sufficiency of the evidence may not be raised by post conviction collateral attack.

<u>✕</u> ADOPTED.   ___ REFUSED.

21. The evidence was sufficient to support the jury's finding on future dangerousness.

<u>✕</u> ADOPTED.   ___ REFUSED.

### Death Sentence Not Arbitrary and Capricious Punishment

22. By failing to argue or cite authority as to specifically how his death sentence amounts to arbitrary and capricious punishment under the Eighth Amendment, Vasquez has waived that challenge and it is procedurally barred.

<u>✕</u> ADOPTED.   ___ REFUSED.

23. Vasquez's death sentence did not amount to an arbitrary and capricious punishment in violation of the Eighth Amendment.

$\times$ ADOPTED. ___ REFUSED.

## IX. Habeas Corpus Ground Twelve.

### Complaint Not Reviewable by Writ of Habeas Corpus

24. Because Vasquez could have, but failed to raise on appeal any complaint that his constitutional rights were violated by the trial court's granting a challenge for cause as to a prospective juror who was opposed to the death penalty, he may not raise this complaint by the present petition for writ of habeas corpus.

$\times$ ADOPTED. ___ REFUSED.

### Juror Properly Struck for Cause

25. Vasquez's constitutional rights were not violated when the trial court properly struck for cause Prospective Juror Brenda Lepp because of her inability to fairly consider the punishment issues in a death penalty case.

$\times$ ADOPTED. ___ REFUSED.

## X. Habeas Corpus Ground Thirteen.

### Complaint Not Reviewable by Writ of Habeas Corpus

26. Because Vasquez could have, but failed to raise on appeal any complaint about the trial court's removal of a qualified juror from the panel for personal reasons, he may not raise this complaint by the present petition for writ of habeas corpus.

$X$ ADOPTED. ___ REFUSED.

### Juror Properly Excused for Substantial Hardship

27. The trial court properly excused Prospective Juror Wesson due to the substantial hardship that juror duty would cause her family with regard to their pre-arranged, pre-paid vacation plans.

$X$ ADOPTED. ___ REFUSED.

### Sixth Amendment Rights Not Violated

28. Vasquez's Sixth Amendment right to an impartial jury was not violated by the trial court's removal of a qualified juror from the panel for personal reasons.

$X$ ADOPTED. ___ REFUSED.

29. The exclusion of a prospective juror, even if improper on statutory grounds which do not involve jurisdictional defects or fundamental constitutional considerations, may not be considered by petition for writ of habeas corpus.

_X_ ADOPTED.    ___ REFUSED.

BY THE FOLLOWING SIGNATURE THE TRIAL COURT ADOPTS THE STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AS FOLLOWS:

_X_ ALL FINDINGS AND CONCLUSIONS ADOPTED.

___ FINDINGS AND CONCLUSIONS ADOPTED AS MARKED ABOVE.

_____
JUDGE PRESIDING

## RECOMMENDATION

Based on the above findings of fact and conclusions of law, the Court recommends that all relief requested in the present application for writ of habeas corpus be denied.

SIGNED AND ENTERED on this the 19 day of May, 2004.

_____

JUDGE PRESIDING

29