United States District Court
Southern District of Texas
**ENTERED**
July 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD VASQUEZ, | § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. C-05-59 |
| BOBBY LUMPKIN, | § § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division | § § | |
| Respondent. | § § | |

# ORDER

Texas death-row inmate Richard Vasquez filed a federal petition for a writ of habeas corpus in 2006. D.E. 15. On March 28, 2008, Vasquez's petition was denied in a Memorandum and Order that addressed all his claims. D.E. 25.[1] Over a decade later, Vasquez has filed a Motion for Relief from Judgment under Rule 60(b)(6). D.E. 51. The Court denies Vasquez's Rule 60(b) motion for the reasons discussed below.

## I. Background

The State of Texas charged Vasquez with capital murder for the beating death of his girlfriend's four-year-old daughter. In 1999, Vasquez stood trial in the 148th

---

[1] The Honorable United States District Judge Hayden Head presided over the adjudication of Vasquez's federal petition.

Judicial District Court, Nueces County Texas. The evidence before the jury showed that Vasquez "became angry and unleashed his frustration on [the young victim]. She died as a result of severe brain injuries sustained when Vasquez, in a drug-fueled rage, struck her several times in the head." *Vasquez v. Thaler*, 389 F. App'x 419, 422 (5th Cir. 2010). The trial evidence revealed other tragic circumstances surrounding her death: "significant evidence emerged that [the victim] had also been severely sexually assaulted before she died, responsibility for which Vasquez denied. A toxicology report revealed cocaine levels in [her] blood that were double the lethal amount for an adult, although neither the doctor nor Vasquez could explain the presence of the drug in her blood." *Id*.

Vasquez's Rule 60(b) motion challenges testimony and evidence which the State presented at his trial. Vasquez's motion focuses on two factors: (1) one of the State's witnesses testified that Vasquez had inflicted "brain injuries . . . equivalent to those [the victim] would have sustained had she been ejected from a car traveling 65 m.p.h." and (2) the State adduced testimony describing how the victim had a "potentially lethal amount of cocaine" in her system when she died. *Vasquez v. State*, No. 73,461, slip op. at 3-7 (Tex. Crim. App. Oct. 3, 2001). Vasquez's 2006 federal petition did not directly challenge the evidence relating to those two factors. Respondent's motion for summary judgment discussed those two factors, but primarily in the context of showing that no prejudice resulted from any error in trial

counsel's representation. D.E. 20 at 4-7, 23-24, 32, and 36. Respondent, however, did not belabor the impact of the trial evidence. Respondent briefly mentioned the now-challenged evidence and tersely asserted that "the horrific nature of the crime and Vasquez's escalating criminal history" precluded any finding that error prejudiced his defense. D.E. 20 at 24.

Both the district and circuit court opinions extensively discussed the trial testimony and forensic evidence. The evidence, however, was discussed in two contexts: (1) when summarizing the facts and (2) in weighing an unrelated ineffective-assistance-of-counsel claim against the evidence which the jury considered. D.E. 20 at 12-13; *Vasquez v. Thaler*, 389 F. App'x 419, 427 (5th Cir. 2010).

Notwithstanding changes in forensic science and developments in Vasquez's understanding of the evidence, Vasquez has not litigated any relevant issue in federal court since the denial of federal habeas review. Vasquez's federal habeas case has sat dormant for years after the Supreme Court denied certiorari review in 2011.

The challenged brain-injury and cocaine evidence became the focus of a successive state habeas application which Vasquez filed in 2015 ("2015 application"). *Ex parte Vasquez*, No. 59,201-03 (Tex. Crim. App. Apr. 15, 2015). Vasquez's 2015 application argued that the trial evidence lacked serious foundation, partially because changes had occurred in forensic science after his trial. The Nueces

County District Attorneys' Office did not offer a zealous defense during the state habeas proceedings. In fact, the Nueces County District Attorney's Office explicitly stated on the record that "a new trial would be appropriate under the circumstances." D.E. 51-3 at 10. Vasquez says that the Nueces District Attorney's Office also made three concessions during the successive habeas proceedings:

(1) the victim's "backward fall from a bathroom stool could have generated forces sufficient to have caused her death, thus debunking the State's prior narrative that [the victim] could *only* have died at Vasquez's hands";

(2) "the so-called evidence that Vasquez struck [the victim] with the force of a speeding car was false and *never* had any scientific validity"; and

(3) the "evidence on cocaine intoxication was unreliably false and . . . there was no *real* evidence that [the victim] had *any* cocaine in her system."

D.E. 51 at 7 (emphasis in original).

Notwithstanding any concession by the Nueces District Attorney's Office, the trial-level habeas court still entered findings of fact and conclusions of law recommending that relief be denied. Pursuant to Texas habeas procedure, the district judge's recommendation was forwarded on to the Texas Court of Criminal Appeals. Vasquez filed objections to the lower court's recommendation. Vasquez raised several points of error, including that the district judge's recommendation did not address all his arguments. D.E. 51-6 at 11. The Texas Court of Criminal Appeals denied Vasquez's 2015 application in 2021. *See Ex parte Vasquez*, No. WR-59,201-

03, 2021 WL 3746008, at *1 (Tex. Crim. App. Aug. 25, 2021).

Now, over a decade after the conclusion of federal review, Vasquez moves for relief under Rule 60(b)(6). Vasquez specifically states that he does not base his motion on error in the trial or state habeas proceedings. Instead, Vasquez moves for relief from judgment because "the integrity of the [federal] process . . . was severely impaired by the use of false evidence . . . ." D.E. 51 at 32. Vasquez argues that the Respondent's reliance on the allegedly false trial evidence when litigating his federal habeas action "infected the integrity of *this proceeding* [meaning the substantive consideration of his federal habeas petition] and impaired *this Court's* ability to fairly adjudicate Vasquez's [ineffective-assistance-of-counsel] claim." D.E. 51 at 7, 37 (emphasis in original).

Respondent opposes Vasquez's motion. D.E. 58. In this case, "the real party in interest is the State of Texas." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). The Director of the Texas Department of Criminal Justice, Correctional Institutions Division represents Texas in this action. Notwithstanding any concession of error by the District Attorney in a state court proceeding, Respondent has not conceded any error here.[2] Respondent contends that, notwithstanding the title of his pleading, Vasquez's Rule 60(b)(6) motion is actually a successive habeas

---

[2] The Nueces County District Attorney's Office has made no effort to intervene in, or otherwise influence, this lawsuit.

petition. Alternatively, Respondent contends that Vasquez is not entitled to Rule 60(b)(6) relief because his motion is untimely and does not demonstrate extraordinary circumstances. Vasquez has not replied to Respondent's arguments.

## II. Alleged Fraud on the Court

Before answering the procedural question of which vehicle Vasquez should use to challenge the trial evidence, the Court pauses to observe a flaw inherent in Vasquez's arguments. No matter how the Court characterizes the pleading now before the Court, Vasquez's arguments depend on showing that Respondent committed fraud during the initial federal habeas proceedings. Vasquez specifically argues that Respondent committed "fraud or other misconduct that resulted in a flawed [federal] resolution of a habeas claim." D.E. 51 at 36. Vasquez bears a heavy burden when alleging fraud by Respondent. The Fifth Circuit has decided that such a "defect in the integrity of the federal habeas proceeding" could include a "fraud on the court," but only in limited circumstances:

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

*Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) (quoting *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996)).

Vasquez says that "the State of Texas knew or should have known that it was urging this Court [during the initial proceedings] to deny Vasquez relief based [on] false evidence." D.E. 51 at 35 n.9. Despite his protestations, Vasquez's allegations of fraud plainly rely on what happened at trial and in his successive state habeas proceedings. Nothing on the record suggests that the Respondent in this action knew that any trial evidence was based on invalid scientific principles or on a false factual foundation. *See Fierro v. Johnson*, 197 F.3d 147, 154 (5th Cir. 1999) ("To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion."); *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005) (stating that a fraud on the court requires: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court"). Vasquez has not shown any intentional effort by Respondent to obfuscate the record or hide information. *See Fierro*, 197 F.3d at 154 ("[O]nly the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.").

Vasquez's arguments depend on showing that the State *should have known* the trial evidence lacked a sure factual or scientific foundation.[3] The Fifth Circuit has refused to impute any alleged fraud in the trial court to the respondent in federal habeas proceedings. *See Lave v. Davis*, 655 F. App'x 255, 259-60 (5th Cir. 2016); *Fierro*, 197 F.3d at 155-56. Vasquez argues that Respondent "had a responsibility, at least as great as that imposed on Vasquez's lawyers, to exercise diligence to assess the validity of the scientific testimony . . . before re-offering it in this court in 2008 . . . ." D.E. 51 at 35. Vasquez has not cited any law stating that the State must retest and reevaluate its trial evidence—even if not disputed by the inmate—as it defends a criminal judgment throughout postconviction remedies.

Nothing in Vasquez's federal petition questioned the forensic evidence from trial. Nothing in the petition or state court record provided any indication that the state of scientific evidence may have changed after trial. The federal pleadings only required consideration of the forensic trial evidence in a narrow context: looking at the evidence that had been before the jury in assessing prejudice from trial counsel's representation. The nature of federal habeas review did not require any serious reappraisal of that unchallenged evidence. Federal habeas review "focuses on what a state court knew and did." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). A

---

[3] Vasquez based his successive state habeas arguments on a "change in scientific thinking" that occurred after trial. D.E. 59-15 at 46. With that focus, Vasquez cannot argue that the State perpetrated fraud at trial with regard to the forensic evidence relating to the victim's brain injury.

federal court's review of ineffective-assistance-of-counsel claims focuses on the information that was actually before the jury. *See Trevino v. Davis*, 829 F.3d 328, 339-40 (5th Cir. 2016) ("[A] federal habeas court must re-weigh all the evidence in aggravation against the totality of available mitigating evidence (had the Petitioner's trial counsel chosen a different course)."). Because nothing directly challenged or called into question the trial evidence, Vasquez has not shown that the State should have known that trial evidence may have been false. In short, Vasquez has not provided any serious substantiation to his allegations of fraud.

## III.   The Difference Between Rule 60(b) Motions and Successive Habeas Petitions

The viability of Vasquez's motion depends on whether he has filed a true Rule 60(b)(6) motion or whether he has, in effect, filed a successive federal habeas petition. Federal courts must often confront a decisive question: "What is the difference between a proper Rule 60(b) motion and one that is a disguised successive motion for habeas relief?" *Fratta v. Lumpkin*, No. 21-70001, 2022 WL 44576, at *2 (5th Cir. Jan. 5, 2022). The Antiterrorism and Effective Death Penalty Act ("AEDPA") strongly encourages a petitioner to present all legal and factual arguments in one habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 498 (1991). Because of AEDPA's strict limitations, state prisoners sometimes attempt to "use Rule 60(b) motions to evade AEDPA's limitations on successive habeas petitions." *Jackson v. Lumpkin*, 25 F.4th 339, 340 (5th Cir. 2022) (citing *Gonzalez v. Crosby*,

545 U.S. 524, (2005)); *see also Will v. Lumpkin*, 978 F.3d 933, 937 (5th Cir. 2020) (stating that federal courts are "concerned that petitioners will use Rule 60(b) motions to subvert the statutory framework and get an impermissible second look at their denied habeas claims"). In *Gonzalez*, the Supreme Court explained that a valid Rule 60(b) in a habeas case identifies "some defect in the integrity of the federal habeas proceeding," such as a procedural error in determining nonsubstantive issues. 545 U.S. at 524, 532 n.4. However, the *Gonzalez* Court cautioned that a pleading labeled as a Rule 60(b) motion is actually a successive petition "when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (footnote omitted) (citing *Gonzalez*, 545 U.S. at 529). The Court must decide whether Vasquez's Rule 60(b)(6) motion truly challenges the habeas proceeding or whether he advances new grounds for relief.

Vasquez may proceed on his Rule 60(b)(6) motion only if it challenges the integrity of the habeas proceeding, instead of attempting to litigate new law or facts. *See Gonzales v. Davis*, 788 F. App'x 250, 252 (5th Cir. 2019). Vasquez's briefing makes clear that he relies on evidence developed after the federal judgment issued in this case. Vasquez's motion is not completely clear on what relief he seeks in

10 / 15

asking the Court to reopen the judgment—whether he asks the Court (1) to reassess his earlier federal claims in light of the new evidence or (2) to allow the litigation of new habeas claims. Vasquez's motion amounts to a successive federal petition under either scenario. Under the first scenario, Vasquez's motion is "if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute" because it "circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531. Vasquez's arguments are "effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. And under the second scenario, offering new evidence to support new claims is the very definition of a new habeas petition.

AEDPA deprives this Court of authority to consider a successive action in the first instance. *See* 28 U.S.C. § 2244(b). Until the Fifth Circuit authorizes review, this Court lacks authority to consider the arguments in Vasquez's Rule 60(b) motion.

### IV. <u>Alternative Rule 60(b) Analysis</u>

Alternatively, Vasquez has not shown entitlement to Rule 60(b)(6) relief. Rule 60(b) contains six categories for relief: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4)

voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Vasquez has explicitly moved for relief under Rule 60(b)(6), the "catch-all provision." The Rule 60(b)(6) "catch-all" provision covers "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). A court will only grant a Rule 60(b)(6) motion "if extraordinary circumstances are present." *Id.* at 216 (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

Despite relying on the catch-all provision, Vasquez's Rule 60(b) motion repeatedly alleges that Respondent's reliance on the challenged trial evidence is a species of fraud. D.E. 51 at 32-34, 36. The Rule 60(b) categories of relief "are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation omitted); *see also Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"). Rule 60(b)(3) explicitly allows for relief from judgment in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Vasquez's arguments properly fall under Rule 60(b)(3) which requires filing "no more than a year after the entry of the judgment

or order or the date of the proceeding." Rule 60(c)(1); *see also Gonzalez*, 545 U.S. at 535. Vasquez's motion, which he should have brought under Rule 60(b)(3), was filed too late.

Alternatively, Vasquez is not entitled to relief even if he has properly filed under Rule 60(b)(6). Reopening a judgment under Rule 60(b)(6) requires a movant to clear two hurdles. First, "[a] motion under Rule 60(b)(6) must be made within a reasonable time, unless good cause can be shown for the delay." *Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017) (quotation and footnotes omitted). "Timeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion. . . ." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). The scientific principles underlying Vasquez's new forensic evidence were available to him many years ago. Vasquez discusses tactical reasons for which he would withhold his motion. Still, Vasquez sat on the factual basis for his Rule 60(b) motion rather than expeditiously seeking federal relief. Vasquez has not shown any legal principle precluding him from immediately filing his Rule 60(b) motion when the new arguments became available.[4] The Court finds that his Rule 60(b)(6) motion is not timely.

---

[4] Even accepting Vasquez's argument that the concessions by the Nueces County District Attorney's Office on successive state habeas review provide a basis to reopen judgment, he still waited several months after the conclusion of that proceeding before seeking relief in this Court.

Second, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez*, 545 U.S. at 533). Vasquez's allegations do not show any knowing fabrication of evidence, intentional misrepresentation of scientific principles, or intentional obfuscation by the State attorneys at any point in the legal process. Vasquez instead argues that scientific understanding of some evidence changed after trial and that experts could conclude that some trial testimony was not factually correct. While possibly serving as grounds for consideration in a successive federal habeas petition, Vasquez has not shown that the circumstances he presents are exceptional ones requiring relief under Rule 60(b)(6). The Court alternatively finds that Rule 60(b) relief would not be appropriate in this case.

## V.   Conclusion

The Court finds that Vasquez's Rule 60(b)(6) motion is, in effect, a successive federal habeas petition which the Court lacks jurisdiction to adjudicate absent authorization from the Fifth Circuit. In the alternative, the Court finds that Vasquez is not entitled to relief under Rule 60(b).

The Court, therefore, **DENIES** Vasquez's Rule 60(b)(6) motion. D.E. 51. The Court also denies any remaining requests for relief. Should Vasquez seek appellate review, the Court does not certify any issue for consideration under 28 U.S.C. § 2253(c).

The Clerk will deliver a copy of this Order to the parties.

ORDERED on July 11, 2022.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE